May it please the court, good morning your honors. I'm Miriam Schwartz and I'm federal public defender and I'm counsel for Mr. Hayes. I was also counsel for Mr. Hayes in the district court. I want to first summarize and then address in a little more detail the three ways in which the sentencing court... I have a quick question. I have you down as representing the appellee, is that incorrect? That's incorrect. Okay, okay, that's why we have it listed here in the court, but sometimes we get the plaintiffs and the defendants. I usually represent appellants. Thank you your honor. I want to address three ways that the court I believe violated the sentencing rules and Mr. Hayes' rights. First, our position is that the district court committed procedural error by basing a sentencing decision in this case on disputed and we contend erroneous facts and by shifting the disproved those facts. The court violated criminal federal rule 32 I3 which requires the court to make a finding as to any disputed facts which are used for sentencing purposes and it also violated the sentencing guideline 6A1.3a which requires that information used by a court for sentencing must have sufficient indicia of reliability which we do not believe was produced were produced in this case, your honor. Facts that were discussed here were whether or not Mr. Hayes had been improperly conducted himself during the context of a homicide investigation in California in 2002, whether or not he had staged a crime scene  in California in 2002, whether he had stalked his two ex-wives, whether he had paid his taxes or not. Ms. Schwartz, could I just ask you for a clarification? Under the federal criminal rule that you cited, the first part is that the court must rule on the dispute but then it goes on to say or determine that a ruling is unnecessary either because the matter will not affect sentencing or because the court will not consider the matter in sentencing. Yes. As I understand it, the court here specifically said that he was not going to consider these matters for purposes of sentencing. Isn't that correct? That is correct. So why is that a violation then of that rule? Your honor, the court did make that statement a number of times during the sentencing. However, if you read, well I know the court has read the transcript of the sentencing proceeding in this case, it is very clear that the court did consider all of those matters which were discussed at sentencing for sentencing purposes. The court at the very end, during Mr. Hayes' allocution, asked Mr. Hayes I think one question. Did you or did you not lie to the police during this missing person investigation? And then Mr. Hayes answered honestly, yes I did lie at first. And the court proceeded to say basically where there's smoke there's fire. We can, I conclude that Mr. Hayes is a dangerous person and there's a high likelihood that he's a dangerous person. For that reason I am sentencing Mr. Hayes to the high end of the guideline range. But isn't it true though, Ms. Schwartz, that there was a very significant amount of undisputed evidence, not disputed evidence, that your client was a bit unstable. For instance, he had a long, bizarre rant at the sentencing hearing about his ex-wives and his father and his father's gold-digging girlfriend. He admitted to lying to law enforcement officers over a missing persons case. Admitted kicking in the door when he found his first wife with another man. Now those are undisputed facts, are they not? Your Honor, it was undisputed that he had once, in 2002 I believe, kicked in a door at a motel finding his wife with another man. That is one undisputed fact. That was a long time ago. I understand that. I'm simply saying that the rule speaks only of disputed testimony. I'm simply saying, or rather asking you, isn't it correct that on an undisputed basis there is a significant amount of information that came in and was before the judge that could allow a district judge to make a determination that the person was pretty unstable, perhaps a little violent, without ever getting into the disputed area? I guess it's all kind of subjective, Your Honor, whether he was unstable or possibly a little violent. There was never any indication of any reliable evidence that he had ever committed any violent act against anyone. I understand that, but I guess the point is that when we review a case, we have a standard of review, and it's quite deferential to the judge. You're telling us that he violated this rule of criminal procedure. I'm simply pointing out that at least according to my understanding of the record, that there are sufficient undisputed facts that would enable a judge to have reached the determinations that he made in certain instances without ever violating the rule. I'm asking you, is that incorrect, and if so, why? I believe that is incorrect, Your Honor. There are some undisputed facts. There are some undisputed facts that could suggest that Mr. Hayes may have been having some problems during the course of a divorce some years earlier. That does not add up to a finding of a high likelihood that Mr. Hayes is a dangerous person. Likewise, there was undisputed evidence that in 2002 or maybe 2001, his father, and he had had an argument, and his father had gotten a restraining order against him, which lasted for a period of about five weeks. There was no indication that anything violent had ever occurred other than an argument, and no indication that Mr. Hayes had ever done anything to his father, and that that was way earlier and only in effect for a very short time. So you're suggesting that the fact that a son, or rather the father gets a restraining order with all that's involved in that against his son suggests this was just a normal, dysfunctional family. Not exactly, Your Honor, but I'm suggesting that restraining orders are actually pretty easy to get, and that if two people have an argument, it was legitimate. It probably was legitimate for the father. How many restraining orders are there that you've ever seen of fathers against sons in terms of the, isn't it an infinitesimally small number of restraining orders? I don't really know what goes on in other families between people as far as restraining orders go. I don't think it's generally something that's known in the community. Well, as a superior court judge ex in California, I can tell you that I used to sit on harassment calendars, and I never saw one by a father. I understand. And if two people had an argument, and the father saw that it was a good idea, you know, in 2002 to ask for a restraining order, I'm not disputing that. But I'm saying that really should not have had a bearing, I don't believe, on a sentence. Well, I understand that's your role. You're a fine lawyer. You're representing your client. But again, our responsibility is to apply the standard of review to the decision made by the judge. And I'm looking for something from you that tells me that that standard has been abused, or rather that the judge has abused his sentencing, and that we need to overturn it. And I'm not hearing that. Am I missing something? I believe that the court in this particular case seemed to be saying that not that I'm not using these matters for sentencing, but he kept repeating I'm not using them to go outside the guidelines. And that is another problem with the sentencing in this case. He said I am not going to depart. I'm hesitant to use unconvicted matters to go outside or to depart from the guidelines. I'm going to sentence Mr. Hayes within the guidelines you agreed to. And there is no dispute about the guideline range. There never was any dispute. But the court seemed to indulge in a presumption that the guideline range yields a reasonable sentence. And as long as he stays within that range, he is imposing a reasonable sentence. And that is not the state of law since we have the Gall and Booker and Rita decisions. The court presumed the guidelines reasonable. The court did not address the 3553A factors. What the court addressed was what we contend are unreliable evidence coming from long ago and far away. And the court seemed to feel that as long as he used that evidence only within the guidelines, he was on safe territory. I don't believe that's consistent with the law. I don't believe it's consistent with the court rule or with the sentencing guidelines requiring that evidence used within or without the guidelines be reliable. Procedural reasonableness, as it's interpreted in the, particularly in the Gall opinion, says that if the court does not engage in the procedures, namely the 3553A factors, reliable evidence, and keeping the burden on the government, and for all evidence that's used for sentencing, the sentence is not procedurally reasonable. Not only is it not substantively reasonable, but it's not procedurally reasonable, and it cannot be upheld on appeal. In this case, he used erroneous and disputed allegations without making a finding to sentence within the guidelines. Thank you, Your Honor. Good morning, Your Honor. It's Nicholas Brown on behalf of the United States. I think the court has properly focused on the procedural claims for the defense in this case that there were, in fact, the court relied on facts that were undisputed. And I think that the court can take assurance in that, in the fact that prior to announcing his sentence, he again reviewed those facts which were undisputed. The three contact... Mr. Brown, in the course of your argument, you might tell us on what basis the court imposed that $15,000 fine, was it? Yes, Your Honor. Whether he had any information on which to impose a fine in that amount. And also, whether there was any indication of substance abuse or computer-related problems, as there were conditions of supervised release with regard to those. And there didn't seem to be any evidence concerning that. But those are the things that interest me. Yes, Your Honor. Let's focus on the fines first. First, the guidelines require that a fine shall be imposed in all cases, except where the defendant has established that he cannot pay that fine. In this case, the defendant did not meet that burden. There was very minimal discussion on the record from the defendant about his inability to pay. He had substantial training and experience demonstrating through... But Mr. Brown, didn't the defendant provide a financial statement and the court officer lost it? I don't think... Why should he be held responsible for that? I don't think it's accurate to say that he lost it, Your Honor. I think that he said that he didn't know he had received it when it had been faxed over in time. So he had set deadlines for the defendant to submit this material. The defendant, to his belief, had not submitted that material on time. But admittedly, we have lots of people that work in the courts, and I'm sure everybody tries very hard to get his or her job done correctly. But it is apparently undisputed that the financial information was submitted. It's true also that the judge didn't have it. But if he submitted it on a timely basis, what is fair about the judge making the determination he did without having that information in front of him? Your Honor, I think it's fair that the judge should have as much information as possible. I think that probation, in this case, worked with the defendant, giving him guidelines when to submit certain things. The probation officer was not aware that he had received it. And so the judge makes his decision on that. I think that it's also of note that probation has noted that it was submitted in a hastily done matter, that it was incomplete, and it still indicated a lot of concerns from probation's point of view about the defendant's financial status. His failure to pay tax returns for the last four years, two substantially large deposits to his accounts that seemed suspect for that probation officer, the fact that he had a California tax lien against him in 1994, all this raised concerns. But that would also suggest he wasn't able to pay the fine. Well, it would suggest that the conditions imposed relating to that fine that the defendant's officer objects to would probably be reasonable, monitoring his bank account, requiring him to submit tax returns. But because the fine here, which was in the middle of the range, and the defendant's own allocution about his very successful business dealings, the fact that he'd made millions of dollars for a recent real estate developer, all that would suggest the defendant had the ability to pay the fine or would soon be able to pay that fine at a later date. At the sentencing, was the defendant informed that the financial information had not reached the probation officer or had not reached the judge? I don't believe so, Your Honor. So he wasn't tipped off that he could pull a copy out of his briefcase and give it to the judge or asked to give an allocution on substantial financial condition? That is correct, Your Honor. I don't believe that that was addressed in the record before the court. So as far as he was concerned, he submitted his financial information to the judge, I mean, to the probation officer, and wasn't really prepared to give a copy or to give some information? We can presume that the defendant thought that his late or his at-the-deadline submission via fax mail of this paperwork the court would have received. Given the efforts probation had taken to get those documents earlier and the fact that they put in their pre-sentence report that they had not received those documents, I think the defendant was aware at least of the submission of all the documents that the court did not have those. Regarding the computer-related condition, I think the court is probably rightly concerned with this condition more than any others. However, I think that the defendant's reliance on USB sales in this case is a little misplaced. First the court should keep in mind that the condition imposed in this case, the three conditions that relate to the computers, put on no limitation whatsoever on the defendant's use of computers. It is not a prohibition on his use of computers. It doesn't limit when, where, or how he may do that, which is very different than USB Why have any conditions concerning computers in this case? I think that the picture before the district judge in this case, Your Honor, was of a very dangerous defendant. And he had evidence before him of a continued period of harassment against people close to him. And I think that with the record of his dangerousness and his highly erratic behavior, the court was trying to balance that. How do we monitor this defendant and his interactions with family members or anybody else? Wasn't there some evidence that he had sent threatening text messages by cell phone? That is correct, Your Honor. There is evidence of threatening text messages. Probation makes a specific analogy between text messages and computers. I think that the court, because he said he had reviewed the documents in this case, there was letters from both the wives talking about this harassment via text messages. His second wife, Kelly Hayes, does reference an email she received. She wasn't sure if it was from the defendant, but she does reference an email she received that she made her uncomfortable. So I think there was enough before the court to rely on this pattern of dangerous, threatening behavior and make this a reasonable requirement. Again, this is far less of a deprivation of liberty than as was imposed in USB sales and more substantially in U.S. Bar Assembly. In both those cases, the defendant had to get preapproval to use computers at all. In this case, he could use computers as much as he'd like. He's simply subject to inspection and monitoring. So there was no limitation on how he used those computers or when he used those computers. And the government's position in this case is that it's far less of an imposition on your freedom to simply say that we're going to monitor you. How about the substance abuse testing? Was there any indication of any substance abuse by this defendant? No, Your Honor. There was not indication of substance abuse testing. However, there are two things that the court has looked upon to impose this condition. First, the drug portion of this condition is mandatory under 3583D. So I don't think there's much argument about the applicability of that particular condition. Second of all, the alcohol testing condition is different than other situations. This is not a prohibition on the use of alcohol. It simply says that you are going to be subject to limited testing of alcohol. So it's different than the case cited by the defense, U.S. v. Betts, where there's a complete requirement to abstain from alcohol. That was not the case here. Second of all, in Betts and Carter, the court seemed to focus on a couple different things. One is the substance abuse issue, whether the person has alcohol or substance abuse problems. The other is, is there evidence before the court of a dangerous or a rather unstable position? In fact, the court in U.S. v. Carter, which the government urges this court to follow, said the district court could have concluded that requiring that defendant to undergo drug and alcohol testing would be beneficial to the defendant and to the public. And in this case, I think there is not the substance abuse problem, but there is a complete record of this erratic behavior. And I think that because it is a much more limited condition than that imposed in Betts, it is quite reasonable to say, we're going to simply test you, we're not going to prohibit your use of alcohol, but we're going to make sure that you're not abusing alcohol. Obviously, the connection between alcohol abuse and drug abuse and the record of dangerousness before this court was fair. What about the non-contact of siblings? I'm aware that there is a record of dispute with the father, so that's understandable. There was a restraining order. But as far as I can see in the record, there is no evidence of a similar situation with siblings. Why are the siblings included? The siblings were included, Your Honor, based on a specific request that's referenced in the PSR in this case. That condition was imposed based on the request of family members. And I did see that, but it's a little unusual to have a kind of a behind-the-curtain request for something that's not in the open. I don't necessarily know if it's that unusual, Your Honor, for family members to be more concerned than the general public about not making the defendant aware of their concern about their own family member. So I think that the fact that probation did not specifically articulate what the specific concern was is fair, particularly since they had a history of no-contact orders against three people they had been involved with, including his father, and the court had before it their record from the father, which laid out these threats of violence against his own father. So the fact that he then enumerated the various siblings indicates why there was a basis for that. Thank you very much, Mr. Brown. Thank you. Your time is up. The case of U.S. v. Hayes will be submitted.
judges: Thompson, Bea, Smith